H. WETTER MANUFACTURING CO. *v.* W. L. DINKINS ET AL.

1. ASSIGNMENT FOR CREDITORS. *Preference. Usurious debt.*

An assignment for creditors is not rendered invalid by the preference of a creditor whose debt embraces usury, if the amount directed to be paid does not exceed the principal due and legal interest thereon. The assignor may waive his personal privilege under the statute of defeating all interest.

2. SAME. *Preference. Innocent mistake. Interest.*

If in such case the assignor intends to prefer such debt purged of excessive interest, but, through mistake in computing the amount, fails to eliminate all of the excessive interest (the assignee being directed to pay only the amounts justly due all creditors), the assignment will not be rendered invalid.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

W. L. Dinkins, a merchant, failed in business and made a general assignment of his effects, preferring certain creditors. Appellant, an unpreferred creditor, filed the bill in this case to set aside the assignment and subject the property, claiming that the assignment was fraudulent and void because of the preference of a certain usurious debt. From a decree sustaining a demurrer and dismissing the bill, this appeal is prosecuted. The opinion contains a further statement of the case.

*Calhoon & Green,* for appellant.

In *Torrey* v. *Grant,* 10 Smed. & M., 89, it is declared that a usurious contract is void, being based on an *illegal* consideration, and that no waiver of it as a defense can be binding.

This is approved in *Kountz* v. *Price*, 40 Miss., 341. In *Marks* v. *Bradley*, 69 Miss., 1, it is declared that assignments with preferences do not commend themselves to the courts; that the power to make preferences must be confined within legal limits, and that no infringement upon the rights of creditors can be permitted.

The debtor does not owe usury. It is a creation by agreement, not within legal limits, of a false claim which creditors must remove before they can enforce their rights.

In Burrill on Assignments, § 118, there is only a meager compilation of cases. The author inclines to the New York doctrine, which is, that if a debt including usury is preferred, it will not render the assignment void, but the assignee will be required to scale the usury. See § 428. Such is not the ruling in this state. *Selleck* v. *Pollock*, 69 Miss., 870. In the North Carolina case cited by Burrill, there was a trust-deed to secure a single usurious debt, and it was held void. The case of *Pennington* v. *Woodall*, 17 Ala., 685, cited by this author, holds, contrary to the text, that if the instrument is made intentionally to secure to the creditor a larger amount than is due, it renders it void. The case of *Early* v. *Owens*, 68 Ala., 171, overrules the case cited from 50 Ala.

In Bigelow on Frauds, pages 50, 133, 135, 157, 325, it is laid down that the debtor may prefer persons whose claims, by reason of some technical rule or policy of law, are not enforceable. By way of illustration, cases are cited on the statute of frauds where the statute was waived; and so of the statute of limitations, and of usury. As to the last, *Pennington* v. *Woodall*, 17 Ala., is cited; but, as shown, it does not sustain the text. *Chapin* v. *Thompson*, 89 N. Y., 271, is also cited, but that case holds that usury cannot be preferred.

The rule of administration of assignments has been condemned in this state. *Montgomery* v. *Goodbar*, 69 Miss., 333. Cases upon the waiver of the statute of frauds have no application, for, if the debt is preferred in the writing, the terms

of the statute are complied with. See Bigelow on Frauds,
135; *Metcalf* v. *Brandon*, 58 Miss., 841. Nor do cases upon
the statute of limitations affect the question. It has always
been a sufficient consideration for a new promise that there
had been a debt. But it was held in *Edwards* v. *McGee*, 31
Miss., 143, that a creditor whose debt was barred could not
maintain a bill to set aside a fraudulent conveyance. See,
also, *Partee* v. *Matthews*, 53 Miss., 140.

.There is no principle of public policy to aid the collection.
of usury in the face of statutory prohibition. Section 755,
code 1892, makes a confession of judgment tainted with
usury void. Usury may be recovered by the debtor if paid.
If a debtor may create for preference any conventional sum
as interest, there is no limit to the power. As said in the
case of *Arthur* v. *Bank*, 9 Smed. & M., 394, "all over and
above what is necessary for the division of the property for
the payment of debts cometh of evil."

While it is competent to include past-due interest, upon
the renewal of a note, it is not competent to stipulate for in-
terest in advance when the contract is made. *Perkins* v.
*Coleman*, 51 Miss., 298.

*W. H. Powell*, for appellees.

1. There is nothing in the case of *Marks* v. *Bradley*, 69
Miss., 1, to sustain the contention of opposite counsel that,
because of usury in one of the preferred debts, it is to be
treated as simulated and fraudulent.

2. But, should this court agree with counsel on the general
question of usury, it will avail appellant nothing, because the
defense of usury is a personal privilege, and the debtor has
waived his right to plead it. A lien creditor might perhaps
occupy a position different from that of the appellant, be-
cause, in that case, there would be privity of contract between
him and the debtor. A junior mortgagee might raise the
question of usury in a prior mortgage. But it would be a
novel doctrine to hold that a creditor recovering judgment,

and thereby obtaining a second lien on property, could plead usury as against a prior lien.

3: I submit that appellant has not acquired such a lien upon the property here as to enable it to interpose the defense of usury. A debt wholly usurious is not void. It is simply voidable, at the election of the debtor or those in privity with him by contract.

4. Should I err as to all this, the most that can be done in any event will be to purge the debt of usury. *Chaffe* v. *Wilson*, 59 Miss., 42, and *Boyd* v. *Warmack*, 62 Miss., 536, are entirely different from the case at bar, and have no application.

Argued orally by *M. Green*, for appellant.

WOODS, J., delivered the opinion of the court.

On its undisputed facts, this case is readily resolvable on elementary principles. These facts are, briefly, that the appellee, Dinkins, was indebted to Parker, the preferred creditor in the deed of assignment, computing and including usurious interest, in the sum of $1,620.93; that Parker is, by the terms of the assignment, preferred for $1,550 only, and this latter amount is less than the principal debt due by the assignor, Dinkins, to Parker, with legal interest thereon.

The elementary principle is, that the debtor who has contracted to pay usurious interest, may waive his personal right to defeat a recovery of all interest, and that, responding to the voice of conscience, he may elect to do equity by paying the principal, with legal interest thereon ; and this is exactly what the appellee, Dinkins, has chosen to do. He has waived his personal privilege of defeating the collection of any and all interest, and has elected to pay a gross sum, which is less than the principal debt with legal interest. He has not preferred the payment of usurious interest, nor devoted property in the hands of his assignee to that purpose. He has only waived his privilege to defeat all interest, and elected to do what in equity he may—repay the sum of money borrowed and due, with legal interest thereon.

The decree of the learned court below is perfectly maintainable on this ground, and is accordingly—

*Affirmed.*

Thereafter, *Calhoon & Green*, for appellant, filed a suggestion of error, accompanied by a calculation, with a view to showing that the debt of Parker preferred in the assignment was usurious. Counsel referred to the case of *Dickerson v. Thomas*, 67 Miss., 777, in support of the proposition that where there is a proceeding to enforce an executory usurious contract, all interest is forfeited.

WOODS, J., delivered the opinion of the court in response to the suggestion of error.

We are of opinion that the preference of Parker in the deed of assignment for $1,550 only, was an effort on the part of the assignor to purge the debt thus preferred of usurious interest. In the calculations made by us on the former examinations of the record, we were of opinion that no usurious interest was to be found in the sum preferred. The superior arithmetical skill, however, of the counsel for appellant has demonstrated our error to the extent of ten dollars. But this mere error in computation will not invalidate the assignment; for in express, though involved and obscure terms, the assignee is directed to pay the amounts really due, if it shall be found that, by mistake, the amount of any debt has not been accurately stated in the assignment. The conclusion is irresistible that the assignor directed payment of Parker's debt, purged of usury, as he mistakenly computed the debt and its usurious interest; and the assignee can and will pay Parker's preferred debt only in that way and to that extent.

*Suggestion of error denied.*