GOODBAR SHOE CO. *v.* W. A. MONTGOMERY, ASSIGNEE.

ASSIGNMENT FOR CREDITORS.   *Preference.   Correction of schedules.*

An assignment for creditors is not rendered invalid by stating the debt of a preferred creditor somewhat in excess of the amount really due to him, when it contains a provision authorizing the assignee to correct the schedule of liabilities annexed thereto, if, by reason of inadvertence, there should be any mistake in omitting any of the liabilities therefrom or errors in the amounts of the same. *Hiller* v. *Ellis*, 72 Miss., 701, distinguished; *Wetter Manufacturing Co.* v. *Dinkins*, 70 Miss., 835.

FROM the circuit court of the second district of Hinds county. HON. J. B. CHRISMAN, Judge.

The assignment in question was that of an insolvent merchant; was one with preferences, and included his entire stock of merchandise, but not all of his evidences of debt. The evidence showed that the debt of his brother, W. G. Redfield, a preferred creditor, was stated in the schedule of liabilities at several hundred dollars in excess of the true amount. It appeared, also, from the evidence that this excess was the result of an erroneous credit given him on the books of the assignor, from which it was carried into the schedule. The assignor testified that this error was unintentional, a mere mistake. The schedule of liabilities contained both the preferred and unpreferred debts. The opinion contains the provision of the assignment relied on as authorizing a correction of the schedule. The amount of the debt in question is erroneously stated in the body of the assignment, as well as in the schedule. The question determined by the opinion is decisive of all points arising on the instructions.

Judgment for defendant. Plaintiff appeals.

*Calhoon & Green*, for appellant.

The debt of W. G. Redfield, which was made a preferred debt, was in part fictitious, and the assignment is therefore invalid. *Marks, Rothenberg & Co.* v. *Bradley*, 69 Miss., 1; *Jones* v. *McQuien*, 71 Miss., 98.

The provision empowering the assignee to make corrections in the schedule of liabilities is not such as to relieve the difficulty. *Hiller & Co.* v. *Ellis et al.*, 72 Miss., 701.

*Ben. H. Wells*, for appellee.

The assignment only authorizes the assignee to pay what was really due to W. G. Redfield. Its language, as an authorization to correct the schedule of liabilities according to the facts, is clearer and more emphatic than that employed for the same

purpose, and held to have accomplished it, in *H. Wetter Manufacturing Co.* v. *Dinkins*, 70 Miss., 835. It was, too, a partial, and not a general, assignment, as in the case cited.

Argued orally by *Marcellus Green*, for the appellants, and by *Ben. H. Wells*, for the appellees.

WHITFIELD, J., delivered the opinion of the court.

The distinction between the clauses in the assignment in *Miller* v. *Ellis*, 72 Miss., 701, and the clause in this assignment is clear. The former, in the body of the instrument, directed the assignee to pay in full the notes themselves, with interest, thus fixing the amount to be paid; and the power given the assignee to correct schedules of liabilities was in these words: "But if, by reason of inadvertence, there be any mistake in omitting any of the liabilities of the said party of the first part from said schedule B, or errors in amounts thereof," then the assignee was "empowered to correct the same." This provision had for its object the correct statement, descriptively, of the creditors and their debts. It did not, as the clause in this instrument expressly does, direct the assignee to "pay" only the "true" amount legally due creditors. This case is within the principle of *Wetter Manufacturing Co.* v. *Dinkins*, 70 Miss., 835, the only difference being that the clause there was said to be "involved and obscure," while here it is clear and express. Questions of fact have been resolved by the jury in favor of appellee, and we cannot say the verdict is manifestly wrong.

*Affirmed.*